PER CURIAM.
The State appeals an order granting juvenile KW.’s motion to suppress. At issue was a pill bottle taken from a pair of orange shorts which the youth had taken off in the front yard of his home. We affirm the trial court’s ruling.
Officer John Rojas received a radio dispatch to be on the look out for a youth wearing all orange clothing and waiving a gun. Rojas went to the vicinity of the incident and eventually, spotted a youth wearing orange shorts, but not displaying a gun. Rojas followed the youth as far as he could before the youth suspected he was being pursued. At that point, the youth ran several blocks and the officer followed. There, in the front yard of the home in which the juvenile apparently lived, the youth dropped his orange shorts. At that point, a women presumed to be the youth’s mother exited the house, picked up the shorts and took them to a washing machine located outside the home. Officer Rojas went into the washing machine, and retrieved a pill bottle from the shorts. The officer admitted that he had not observed any bulge in the youth’s waistband, nor had he observed the youth abandon anything during the pursuit. On these facts, we agree with the appellee that the officer did not have probable cause to detain the youth or confiscate the pill box. See U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Wong Sun v. United States, 371 U.S. 471, 479, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)(A warrantless *804 search or seizure without probable cause is unlawful, and the fruits of such a search are inadmissible and must be suppressed.)
Affirmed.